18-1034-cv
Ruzhinskaya v. HealthPort

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: April 15, 2019                    Decided: November 1, 2019)

Docket No. 18-1034-cv

_____

TATYANA RUZHINSKAYA, as Administratix of the Estate of
MARINA ROCHNIAK, Deceased, on behalf of themselves and
all others similarly situated,

*Plaintiff-Appellant*,

v.

HEALTHPORT TECHNOLOGIES, LLC,

*Defendant-Appellee*,

BETH ISRAEL MEDICAL CENTER,

*Defendant*.[1]

_____

Before: KEARSE, WINTER, and POOLER, *Circuit Judges*.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the March 14, 2018 judgment entered in the United States District Court for the Southern District of New York (Engelmayer, *J.*), granting Defendant-Appellee HealthPort Technologies, LLC's motion for summary judgment. Because this Court anticipates certifying certain questions to the New York Court of Appeals after a final judgment is entered, and wishes to avoid multiple, unnecessary proceedings, we VACATE the grant of summary judgment and REMAND to the district court with instructions to reinstate Beth Israel as a party and to adjudicate the case to a final judgment. We remand along the lines of the procedures set out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that any new appeal will be referred to this panel.

VACATED and REMANDED.

_____

MATHEW P. JASINSKI, Motley Rice LLC, Hartford, CT, *for Plaintiff-Appellant Tatyana Ruzhinskaya*.

JAY P. LEFKOWITZ (Nathaniel J. Kritzer, *on the brief*), Kirkland & Ellis LLP, New York, N.Y. (Scott R. Emery, Lynch Daskal Emery LLP, New York, N.Y.; Rebecca Brazzano, Seth A. Litman, Thompson Hine LLP, New York, N.Y., *on the brief*), *for Defendant-Appellee HealthPort Technologies, LLC*.

POOLER, *Circuit Judge*:

This Court anticipates certifying to the New York Court of Appeals issues of statutory interpretation as to New York Public Health Law § 18 and wishes to avoid multiple, unnecessary proceedings. Accordingly, we vacate the grant of summary judgment and remand the case to the district court with instructions to reinstate Beth Israel as a party and to adjudicate the case to a final judgment. We remand along the lines of the procedures set out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that any new appeal will be referred to this panel.

**BACKGROUND**

This case involves claims of excessive charges for medical records under New York Public Health Law ("PHL") § 18, which governs access to and charges for patient medical records. Plaintiff-Appellant Tatyana Ruzhinskaya alleges that she was overcharged for copies of her late mother's medical records. Ruzhinskaya initially brought claims both against Beth Israel Medical Center, the hospital that housed the medical records, and the "release of information" ("ROI") company, HealthPort Technologies, LLC, with whom Beth Israel contracted to photocopy and provide the records to requesters on its behalf. Nevertheless, on January 26, 2015, the "parties . . . stipulate[d] to dismissal,

3

without prejudice, of all claims against Defendant Beth Israel Medical Center." Dist. Ct. Dkt. No. 57, 1:14-cv-2921. Accordingly, the case proceeded with HealthPort as the sole defendant.

HealthPort and Beth Israel share a written agreement regarding fees that HealthPort charges requesters of medical records. HealthPort provides its services at no cost to Beth Israel and "'charge[s] [requesters] the per-page fees as set forth under state law' where state law so provides, on the ground that such fees are 'presumed reasonable,' and that HealthPort otherwise 'will charge a reasonable, cost-based fee.'" Special App'x at 89-90 (quoting an agreement between HealthPort and Beth Israel).

It is undisputed that at all times relevant, HealthPort charged requesters 75 cents per page, regardless of the actual "cost incurred" in meeting such requests. The crux of Ruzhinskaya's argument, both before the district court and on appeal, is that a blanket charge of 75 cents per page violates Section 18(2)(e). Under that section, a health care "provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider . . . . However, the reasonable charge for paper copies shall not exceed seventy-five cents per page." PHL § 18(2)(e).

4

On April 29, 2015, Ruzhinskaya moved for class certification with respect to her second amended complaint, seeking to represent a statewide class defined to include all patients or patient representatives who had made requests for patient records from a healthcare provider for which HealthPort charged 75 cents a page. After hearing argument, the district court denied the motion to certify on November 9, 2015. The district court noted that it was undisputed that HealthPort charged 75 cents per page on behalf of all the hospitals who retained it to fill records requests, but the "costs incurred" in meeting records requests differed hospital by hospital. Special App'x at 10. The district court reasoned that the text of Section 18(2)(e) does not limit "costs incurred" to certain species of costs such as direct costs; rather, cognizable costs include labor costs and overhead. Special App'x at 10-12. Nevertheless, the district court held that "a more narrowly defined class, one drawn to include all requests for records made to . . . Beth Israel," would satisfy the requirements for certification. Special App'x at 2. The district court invited Ruzhinskaya to move to certify such a class.

Ruzhinskaya accepted the court's invitation, moving to certify a narrower class of persons who, between March 12, 2011 and the present, had requested

records from Beth Israel whose requests had been serviced by HealthPort and who had been charged 75 cents per page. The district court granted that motion.

During a pretrial conference, the issue arose of "whether evidence of Beth Israel's costs incurred, to the extent these had not been passed along to HealthPort, could be received at trial as a component of the costs incurred." Special App'x at 76. The district court directed the parties to brief the issue. The court denied Ruzhinskaya's motion in limine to exclude such evidence of Beth Israel's costs incurred, reasoning that HealthPort had no freestanding legal duties under Section 18. Accordingly, were the case against HealthPort to reach trial, the dispositive issue as to Ruzhinskaya's claim under Section 18(2)(e) would be whether the combined costs incurred by Beth Israel and its alleged agent, HealthPort, met or exceeded 75 cents per page.

The district court then "commissioned a round of summary judgment briefing" on two issues: (1) does Section 18 impose a duty on an ROI business; "[i]n particular, does § 18 bar such a vendor from profiting from its work assisting the provider to respond to such requests, or is the vendor limited to recouping its 'costs incurred'?"; and (2) "even if § 18 does not restrict a vendor's charges, does the evidence in this case regarding HealthPort's collaboration with

6

Beth Israel . . . give rise to a duty under § 18 that barred HealthPort from charging more than its costs incurred?" Special App'x at 78, 82-83.

Ultimately, the district court held that (1) "under § 18, an entity other than a health care provider is not liable for charging for its services in connection with records requests more than its costs incurred," Special App'x at 86; and (2) "that HealthPort did not take on a duty under § 18 to limit its charges to requesters to its own 'costs incurred.'" Special App'x at 90. Thus, the district court granted HealthPort's motion for summary judgment on Ruzhinskaya's Section 18 claim and her two derivative claims under New York General Business Law § 349 and for unjust enrichment.

## DISCUSSION

On appeal, Ruzhinskaya argues that the district erred a) in granting summary judgment in favor of HealthPort on the ground that HealthPort did not have a duty under Section 18; b) in its interpretation of "costs incurred" under Section 18; and c) in denying, based on "its erroneous interpretation of § 18," Ruzhinskaya's motion to certify a statewide class. Appellant's Br. at 54. Ruzhinskaya requests that this Court certify to the New York Court of Appeals the question of whether "PHL § 18 appl[ies] to an entity to which a health care

7

provider delegates responsibility and assigns the right to charge for responding

to requests for medical records." Appellant's Br. at 34.

During oral argument, this Court sua sponte raised the issue of whether

Beth Israel should be brought back into the case as a necessary party. Following

argument, we ordered "that each party shall show cause why this Court should

not remand this case to the district court with instructions to (a) bring Beth Israel

Medical Center back into the case as an indispensable party, and (b) to adjudicate

the case to a final adjudgment." Order, Dkt. No. 84 (May 29, 2019). In the order,

we explained:

> The Court is considering certifying the following two issues to the
> New York Court of Appeals: (1) whether HealthPort can be sued
> directly under New York Public Health Law § 18; and (2) which
> calculation should be used to determine the cost of producing and
> transmitting records. The district court, after dismissing Beth Israel
> Medical Center as a party, held that HealthPort could not be sued
> under Section 18. Thus, if the certification goes ahead without a
> determination of whether Beth Israel is an indispensable party, the
> Court will risk multiple, unnecessary proceedings, because the New
> York Court of Appeals might hold that HealthPort, the only party,
> cannot be sued under Section 18.

*Id*.

The parties submitted post-argument letter briefs on June 21, 2019.

Ruzhinskaya argues against bringing Beth Israel back into the case and asserts

8

that doing so would not answer whether Section 18 permits HealthPort to be sued directly. Appellant's Letter Br., Dkt. No. 86 at 5. HealthPort does not object to remanding the case to add Beth Israel as a party before this Court certifies any questions regarding Section 18, though it argues that Section 18 clearly resolves the appeal in its favor. Appellee's Letter Br., Dkt. No. 85 at 1-2.

We determine that remanding the case to add Beth Israel as a party before certification is the best course of action. Here, HealthPort charges and receives the fees from requesters of medical records pursuant to its agreement with Beth Israel. As the district court noted, "if use of this direct-billing arrangement were viewed as depriving Beth Israel of the right to term HealthPort's charge a 'cost incurred' by Beth Israel, Beth Israel, not HealthPort, would be accountable under § 18 for any charge in excess of Beth Israel's costs incurred." Special App'x at 89. If we were to certify issues of statutory interpretation regarding Section 18 without Beth Israel's presence as a party, we would risk multiple, unnecessary proceedings.

Although Beth Israel is not technically a necessary party under Federal Rule of Civil Procedure 19 in the sense that "complete relief [could not] be accorded among those already parties," *MasterCard Int'l Inc. v. Visa Int'l Serv.*

*Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006), under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Rule 21 expressly permits orders adding or dropping parties 'at any time.' Parties may be added or dropped after trial, after notice of appeal has been filed, or even on appeal." 4 Moore's Federal Practice § 21.02[3]; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989) (holding that Rule 21 permits appellate courts to drop a dispensable non-diverse party). Pursuant to Federal Rule of Civil Procedure 21, we remand to the district court to reinstate Beth Israel as a party and to adjudicate the case to a final judgment.

After a final judgment is entered, we anticipate certifying questions to the New York Court of Appeals if there is continued uncertainty as to the proper interpretation of Section 18. While "certification is an exceptional procedure," we certify issues where "the statute's plain language does not indicate the answer to the question pending before the court and there is an absence of authoritative state court interpretations of the state statute." *McGrath v. Toys "R" Us, Inc.*, 356 F.3d 246, 250 (2d Cir. 2004) (internal citation and quotation marks omitted). Here, Section 18's plain language does not answer whether ROIs should be subject to

liability for overcharges or how "costs incurred" are to be calculated. PHL § 18.

Further, an absence of authoritative state court interpretations of Section 18,

coupled with case law regarding the "the New York Legislature's intent in

enacting" Section 18 that supports holding ROIs subject to suit under Section 18

for overcharges, *McCracken v. Verisma Sys., Inc.*, No. 6:14-cv-06248, 2017 WL

2080279, at *7 (W.D.N.Y. May 15, 2017); *see also Matter of Casillo v St. John's*

*Episcopal Hosp.*, 580 N.Y.S.2d 992, 995 (Sup Ct. Suffolk Cty. 1992), renders

certification all-the-more appropriate.

**CONCLUSION**

Based on the foregoing, we VACATE the judgment below and REMAND

to the district court to restore Beth Israel as a party pursuant to Federal Rule of

Civil Procedure 21 and to adjudicate the case to a final judgment. After judgment

is entered, any party wishing to appeal must file a new notice of appeal. While

we anticipate certifying questions to the New York Court of Appeals on Section

18 if there is continued uncertainty as to its proper interpretation, at this time we

decline to state the precise formulation of those questions. Accordingly, we

remand along the lines of the procedures set out in *United States v. Jacobson*, 15

11

F.3d 19, 22 (2d Cir. 1994), so that any new appeal taken by the parties will be

referred to this panel.