19-1649-cv
*Ortiz v. Ciox Health LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2019

(Argued: March 9, 2020       Decided:    June 5, 2020)

Docket No. 19-1649-cv

HECTOR ORTIZ, in his capacity as Temporary Administrator of the Estate of
Vicky Ortiz, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

*v.*

CIOX HEALTH LLC, successor in interest to IOD INC.,
and THE NEW YORK AND PRESBYTERIAN HOSPITAL,

*Defendants-Appellees,*

IOD INC. and COLUMBIA PRESBYTERIAN MEDICAL CENTER,

*Defendants.**

---

* The Clerk of the Court is respectfully directed to amend the official caption to
conform to the above.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

Before:

CHIN, SULLIVAN, AND NARDINI, *Circuit Judges*.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) in favor of defendants-appellees dismissing plaintiff-appellant's claims for damages for violation of New York Public Health Law § 18(2)(e), which provides that health care providers may impose only a "reasonable charge," not to exceed "seventy-five cents per page," for copies of medical records. The district court held that Section 18(2)(e) does not provide a private right of action.

DECISION RESERVED AND QUESTION CERTIFIED.

---

SUE J. NAM (Michael R. Reese and George V. Granade, *on the brief*), Reese LLP, New York, New York, *for Plaintiff-Appellant.*

JOHN HOUSTON POPE, Epstein Becker & Green, P.C., New York, New York, *for Defendant-Appellee* The New York and Presbyterian Hospital.

- 2 -

JAY P. LEFKOWITZ, Kirkland & Ellis LLP, New York, New York (Jodyann Galvin, Hodgson Russ LLP, Buffalo, New York, *on the brief*), *for Defendant-Appellee* Ciox Health LLC, successor in interest to IOD, Inc.

PER CURIAM:

Pursuant to Section 18 of the New York Public Health Law, patients in New York State have a right to access their medical records. Health care providers may impose a "reasonable charge" for copies of such records, but the charge may not exceed "seventy-five cents per page." N.Y. Pub. Health Law § 18(2)(e). In this case, plaintiff-appellant Hector Ortiz ("Ortiz"), as temporary administrator of the estate of Vicky Ortiz ("Ms. Ortiz"), sues defendants-appellees The New York and Presbyterian Hospital ("NYPH") and Ciox Health LLC ("Ciox") for damages for purported violations of Section 18(2)(e). The district court (Cote, *J.*) dismissed the claims, concluding that no private cause of action exists for violations of Section 18(2)(e). Ortiz appeals.

An unresolved question of New York law is presented: Whether Section 18(2)(e) of the New York Public Health Law provides a private right of action. Because this unresolved question implicates significant state interests

- 3 -

and is determinative of this appeal, we reserve decision and certify the question to the New York Court of Appeals.

## *BACKGROUND*

The facts alleged in the First Amended Complaint are assumed to be true for purposes of this appeal. *See Cruz v. TD Bank, N.A.*, 711 F.3d 261, 264 (2d Cir. 2013).

On or about October 26, 2016, counsel for Ms. Ortiz requested her medical records from NYPH for use in pending litigation. NYPH had arranged for IOD, Inc. ("IOD"), a predecessor in interest to Ciox, to fulfill requests for copies of medical records and to bill patients for that service. IOD provided Ms. Ortiz her medical records, charging her $1.50 per page for the copies. Ms. Ortiz's attorney informed NYPH that, pursuant to Section 18, it could not charge her more than $0.75 a page. Ms. Ortiz nevertheless paid the overcharge because she needed the records for her lawsuit. Shortly after paying the bill, Ms. Ortiz filed the instant action in state court, and, soon thereafter, Ciox refunded the amount charged in excess of the statutory maximum.

On May 30, 2017, the case was removed to the court below. After Ms. Ortiz filed an amended complaint, Ciox and NYPH moved to dismiss. By

- 4 -

opinion and order dated February 22, 2018, the district court granted the motions as to all claims except the Section 18 claim.

Thereafter, Ms. Ortiz passed away and Ortiz was substituted into the case in her stead. On October 31, 2018, Ciox and NYPH filed motions for judgment on the pleadings to dismiss the remaining cause of action. By opinion and order entered May 7, 2019, the district court granted the motions on the ground that Section 18(2)(e) does not provide a private cause of action. Judgment was entered the same day, and this appeal followed.

*DISCUSSION*

Ortiz argues that the district court erred in concluding that there was no private right of action under Section 18. As discussed further below, we reserve decision and certify to the New York Court of Appeals because the issue turns on an important and unanswered question of New York law and we are unable to predict how the Court of Appeals would rule.

I. *Public Health Law § 18*

Section 18 of the Public Health Law provides that a "qualified person" has a right of access to "patient information" from a "health care provider." N.Y. Pub. Health Law § 18(2)(d). It further provides that "[t]he

provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider, provided . . . [that] the reasonable charge for paper copies shall not exceed seventy-five cents per page." *Id*. § 18(2)(e).

Though Section 18 is silent as to the existence of a private right of action, the Legislature expressly provided for enforcement remedies in the Public Health Law: fines and an Article 78 proceeding. Section 12 provides that violations of the Public Health Law may result in a civil penalty, imposed by the Commissioner of Health and payable to the state. *See id*. § 12(1)(a), (c) (noting that such penalties may not exceed $2,000, except where the violation results in "serious physical harm to any patient," in which case the penalty may be increased up to $10,000); *see also id.* § 12(5) (authorizing the attorney general to seek injunctive relief upon request by the Commissioner of Health).[1] Section 13

---

[1] Section 12(6), revised effective April 1, 2020, establishes that "[i]t is the purpose of this section to provide additional and cumulative remedies, and nothing herein contained shall abridge or alter rights of action or remedies now or hereafter existing." N.Y. Pub. Health Law § 12(6). This revision does not resolve the issue of the existence of an implied cause of action. *Cf. Lawrence v. State*, 688 N.Y.S.2d 392, 395-96 (Ct. Cl. 1999) (noting, in response to a similar provision in the Public Officers Law, that "[w]here . . . the Legislature addressed the issue of civil remedies and chose not to clearly create a new private right of action in the statute, it would be imprudent for a court to add by implication a provision that it is reasonable to assume the Legislature intentionally omitted").

provides that private citizens, among others, may bring an Article 78 proceeding to enforce compliance with the relevant provisions of the Public Health Law. *See id*. § 13.[2]

Under New York law, where a statute does not contain an express grant of a private right of action, a plaintiff "can seek civil relief in a plenary action based on a violation of the statute 'only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history.'" *Cruz v. T.D. Bank, N.A.*, 22 N.Y.3d 61, 70 (2013) (quoting *Carrier v. Salvation Army*, 88 N.Y.2d 298, 302 (1996)). This determination is made by considering: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a

---

[2] Section 18 contains additional provisions that bear on the availability of remedies. *See id*. §§ 18(3)(f) (where access to information is denied, providing right to commence special proceeding in Supreme Court to require provider to make information available), 18(11) ("No proceeding shall be brought or penalty assessed, except as provided for in this section, against a health care provider, who in good faith, denies access to patient information."), 18(12) ("No health care provider shall be subject to civil liability arising solely from granting or providing access to any patient information in accordance with this section.").

right would be consistent with the legislative scheme." *Sheehy v. Big Flats Cmty.*

*Day, Inc.*, 73 N.Y.2d 629, 633-34 (1989).[3]

## II.    *Certification*

We may certify a question to the New York Court of Appeals where

that court "has not spoken clearly on an issue and we are unable to predict, based

on other decisions by New York courts, how the Court of Appeals would answer

a certain question." *Tire Eng'g & Distribution L.L.C. v. Bank of China Ltd.*, 740 F.3d

108, 114 (2d Cir. 2014) (internal quotation marks omitted); *see also* 22 N.Y.C.R.R. §

500.27(a).  Our decision to certify a question to the Court of Appeals is

discretionary; in exercising that discretion, we consider whether:

> (1) the New York Court of Appeals has not squarely
> addressed an issue and other decisions by New York
> courts are insufficient to predict how the Court of
> Appeals would resolve it; (2) the statute's plain
> language does not indicate the answer; (3) a decision on

---

[3]    The parties do not dispute that Ms. Ortiz was a qualified person under Section 18, and that she was a member of the class of persons for whose benefit the statute was enacted and thus meets the first *Sheehy* factor.  The district court concluded that the second and third *Sheehy* factors were not met here.  As to promoting the legislative purpose, after reviewing the legislative history, the district court concluded that it was "debatable" that recognition of a private right of action would promote the legislative purpose of controlling patient costs because the threat of civil lawsuits against providers would likely increase medical costs.  App'x at 87-88.  As to consistency with the legislative scheme, the district court concluded that, in light of the specific administrative and judicial remedies established in the Public Health Law, it is likely that the Legislature considered and rejected a private right of action for Section 18.

the merits requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make; and (4) the question certified will control the outcome of the case.

*Simmons v. Trans Express Inc.*, 955 F.3d 325, 331 (2d Cir. 2020) (internal quotation marks omitted).

Here, each of these factors weighs in favor of certification. First, the Court of Appeals has not decided the specific question at issue and there is insufficient precedent from other New York courts to predict how the Court of Appeals would resolve the issue. *See CFTC v. Walsh*, 618 F.3d 218, 231 (2d Cir. 2010) (observing that certification is appropriate where an issue has not been litigated often enough in New York courts to give rise to "sufficient precedents . . . to make a determination concerning [its] proper outcome" (internal quotation marks and alterations omitted)). Ortiz relies principally on a decision of the Appellate Division, First Department, which indeed held that there is a private right of action under Section 18. *See Feder v. Staten Island Univ. Hosp.*, 711 N.Y.S.2d 719 (1st Dep't 2000). In *Feder*, however, the First Department upheld the trial court's holding that plaintiffs could assert a private right of action under Section 18 in one sentence, without analysis, as it simply held that it was affirming "for the reasons stated by [the trial court]." *Id.* The parties do not cite

- 9 -

to any other New York cases directly on point. *See Ruzhinskaya v. HealthPort Techs., LLC*, 942 F.3d 69, 73 (2d Cir. 2019) (noting absence of authoritative state court interpretations of Section 18). In the absence of clear guidance from the New York Court of Appeals, we are reluctant to conclude that the First Department's one-sentence discussion resolves the matter. *See CFTC*, 618 F.3d at 231.

Second, the plain language of Section 18 does not directly speak to the question at issue.

Third, the answer to the question turns on a policy determination that the Court of Appeals is best suited to make. As the district court discussed, in amending the Public Health Law, the legislature weighed a number of competing interests: the right of patients to access their medical information; the burden that would be imposed on medical providers as a consequence of this access (including the cost of providing access and the threat of litigation); and the impact on the Medicaid system. As noted above, the legislature did provide certain remedies for violations of Section 18, and the availability of a private cause of action for damages in addition to the express remedies could, of course, affect the balance the legislature endeavored to strike. The question, then, is

what did the legislature intend, and given the competing state interests at stake, that question is better answered by the New York Court of Appeals.

Finally, the answer will control the outcome of the case. Not only will the answer be determinative of Ortiz's statutory claim, but "resolution of the certified question may well dispose of the case entirely." *Ajdler v. Province of Mendoza*, 890 F.3d 95, 105 (2d Cir. 2018) (internal quotation marks omitted). Specifically, a New York Court of Appeals decision that no private cause of action exists under Section 18 would be fatal to Ortiz"s unjust enrichment claim -- the only other claim he raises on appeal. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 203 (2d Cir. 2005) (acknowledging that "[w]hen a plaintiff does not possess a private right of action under a particular statute, and does not allege any actionable wrongs independent of the requirements of the statute, a claim for unjust enrichment is properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute" (internal quotation marks and alterations omitted)).

### *CONCLUSION*

For the reasons stated above, we reserve decision and certify the following question to the New York Court of Appeals:

Does Section 18(2)(e) of the New York Public Health Law provide a private right of action for damages when a medical provider violates the provision limiting the reasonable charge for paper copies of medical records to $0.75 per page?

The Court of Appeals is not limited to the particular question stated. Rather, the Court of Appeals may modify the certified question and may direct the parties to address any other issues that may pertain to the circumstances presented in this appeal. This panel retains jurisdiction and will consider any issues that remain on appeal once the New York Court of Appeals has ruled.

It is therefore **ORDERED** that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with complete sets of briefs and appendices, and the records filed in this Court by the parties.

*CERTIFICATE*

The foregoing is hereby certified to the Court of Appeals of New York pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and Regulations Title 22, § 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit.